**Seyed Abbas MOUSAVI, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

Nos. 04–76032, 06–73362.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Dec. 28, 2007.

Seyed Abbas Mousavi, Santa Clarita, CA, pro se.

* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard R. Davis, Esq., Law Offices of Barbara J. Darnell, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Nathaniel Pollock, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Seyed Abbas Mousavi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' (BIA) orders denying his first (No. 04–76032), and his second (No. 06–73362) motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004). We deny the petitions for review.

The BIA did not abuse its discretion in denying Mousavi's first motion to reopen as untimely because it was filed more than 90 days after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Mousavi

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

failed to demonstrate prima facie eligibility for asylum, see *Malty*, 381 F.3d at 947; *Limsico v. INS*, 951 F.2d 210, 213–14 (9th Cir.1991) (where the petitioner has had a hearing, it is appropriate for the BIA to view and interpret the "new" evidence at face value).

The BIA did not abuse its discretion in denying Mousavi's second motion to reopen as both number and time barred because Mousavi had previously filed a motion to reopen, see 8 C.F.R. § 1003.2(c)(2); the second motion was filed more than 90 days after the final order of removal, see *id.*; and Mousavi failed to demonstrate prima facie eligibility for asylum or CAT relief based on changed circumstances, see *Malty*, 381 F.3d at 947; *Limsico*, 951 F.2d at 213–14.

To the extent Mousavi contends that the BIA failed to consider some or all of the evidence he submitted with his first and second motion to reopen, he has not overcome the presumption that the BIA did review the record. See *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED IN NO. 04–76032.**

**PETITION FOR REVIEW DENIED IN NO. 06–73362.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.